IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

RICHARD ALAN DAVIS                                                                PLAINTIFF
ADC #89568

v.                               No: 2:20-cv-00147 JM-PSH

GAYLON LAY, *et al.*                                                             DEFENDANTS

## PROPOSED FINDINGS AND PARTIAL RECOMMENDATION

### INSTRUCTIONS

The following partial Recommendation has been sent to United States District James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Richard Alan Davis, an inmate confined at the East Arkansas Regional Unit of the Arkansas Division of Correction (ADC), filed this *pro se* 42 U.S.C. § 1983 action on July 15, 2020 (Doc. No. 2). Davis filed an amended complaint on August 13, 2020 (Doc. No. 7). In his amended complaint, Davis alleged that Gaylon Lay, Emmer Branch, James Dycus, Randy Shores, Kenyon

Randall, and Jeffery Deen (the "Defendants") ordered the use of chemical spray on non-combative inmates, including Davis, which caused Davis difficulty breathing and seeing. Davis further alleged that Shores, Randall, and Deen failed to protect him from members of the Emergency Response Team who stomped, kicked, and dragged him before placing him in plastic handcuffs. The Court granted Davis' application for leave to proceed *in forma pauperis* and directed that Defendants be served. *See* Doc. Nos. 6 & 8.

Davis filed a motion for summary judgment and related pleadings on April 21, 2021 (Doc. Nos. 26-29). He seeks summary judgment against defendants Lay, Branch, and Dycus. Lay, Branch, and Dycus have filed a motion to continue or deny Davis' motion for summary judgment because it is premature (Doc. No. 31). As explained below, Lay, Branch, and Dycus' motion should be granted, and Davis' motion should be denied.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A).

Davis' motion should be denied because it is unsupported and premature. As plaintiff, Davis bears the burden of proof. However, his motion and supporting pleadings simply restate the allegations of his complaint and offer no supporting evidence other than a copy of two administrative regulations. *See* Doc. No. 29 at 6-9. Davis' motion is also premature in that the parties have not completed discovery,[1] which is currently stayed except to the extent it relates to the issue of exhaustion of administrative remedies.[2] *See* Doc. No. 21. A motion for summary judgment filed by defendants Shores, Randall, and Deen concerning the issue of exhaustion remains pending. *See* Doc. No. 26.

For these reasons, the undersigned recommends that the Defendants' motion to deny or continue Davis' motion for summary judgment (Doc. No. 31) be granted,

---

[1] Discovery should be completed before either party is awarded summary judgment. *See, e.g., Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 846 (3rd Cir. 1992) (reversing summary judgment entered because depositions were outstanding); *Murrell v. Bennett*, 615 F.2d 306, 310 (5th Cir. 1980) (reversing summary judgment entered before discovery had started).

[2] The Court routinely stays discovery that is not related to the exhaustion of administrative remedies until any motions related to exhaustion have been filed and decided. Because exhaustion of administrative remedies is mandatory, it serves judicial economy to stay discovery that is not related to exhaustion until any motions regarding exhaustion are decided. Once motions for summary judgment based on exhaustion are adjudicated, the Court will enter a scheduling order lifting the stay on discovery and establishing deadlines for discovery and motions for summary judgment on the merits.

and Davis' motion for summary judgment (Doc. No. 26) be denied as premature and unsupported.

SO RECOMMENDED this 26th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE